# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ALEJANDRO G.A.,[1]
(A Number: 026-678-421)

Petitioner,

v.

WARDEN, *California City Detention Facility*,

Respondent.

Case No. 1:26-cv-04331-KES-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO GRANT PETITION**

(Doc. 1)

TEN-DAY DEADLINE

Alejandro G.A. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On July 2, 2026, the undersigned issued an order requiring Respondent to show cause why the writ should not be granted. (Doc. 7). On August 5, 2026, Respondent filed a response to the order to show cause. (Doc. 10).

In their response to the petition and order to show cause, Respondent argues that Petitioner is subject to detention pursuant to 8 U.S.C. § 1231(a)(6) because he is unlikely to comply with removal and has refused to cooperate with his removal from the United States. (Doc. 10 at 2–3). Respondent explains that ICE has been attempting to remove Petitioner to Mexico, but that Petitioner has not cooperated. (*Id.* at 2–3). Notably, no evidence has been presented that

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Petitioner has been ordered removed to Mexico. Rather, Petitioner was apparently ordered removed to Cuba on July 16, 2012, and released from immigration custody on an order of supervision on September 14, 2012, after the "then-Immigration and Nationality Service determined there was no significant likelihood of removal to Cuba." (Docs. 10-1 at ¶ 5; 10-2 at 8). Petitioner was then re-detained by immigration authorities on April 26, 2026. (Doc. 10-2 at 9).

The court incorporates and adopts the reasoning set forth in *Obando Vargas v. Blanche*, No. 1:26-cv-05343-DAD-AC (HC), 2026 WL 2056618 (E.D. Cal. July 16, 2026), where the court explained that Respondent's argument that it may extend Petitioner's detention to effect removal because he has declined to cooperate with his removal to a third-country to which he has not been ordered removed is frivolous. The court further adopts its reasoning set forth in *Melian S. v. U.S. Att'y Gen.*, No. 1:26-CV-04512-TLN-CKD, 2026 WL 1862745, at *3 (E.D. Cal. June 29, 2026), *Fominalla v. Warden, California City (ICE)*, No. 1:26-CV-04283-DC-CSK, 2026 WL 2186564, at *3 (E.D. Cal. July 29, 2026), *Torres Cruz v. Chestnut*, No. 1:26-CV-04690-DAD-SCR, 2026 WL 2057108, at *1 (E.D. Cal. July 16, 2026), and *Ruiz-Acosta v. Central Valley Annex*, No. 1:26-cv-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026), and concludes that Respondent has not demonstrated changed circumstances regarding the likelihood of Petitioner's removal in the reasonably foreseeable future as is required to justify revocation of Petitioner's release and his detention.

## RECOMMENDATION

Accordingly, the undersigned recommends granting the pending petition, (Doc. 1), and ordering Respondent to immediately release Petitioner from Respondent's custody on the conditions, if any, he was subject to prior to his detention on April 26, 2026 and that Respondent be enjoined and restrained from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner notice and a pre-detention hearing before an immigration judge.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304

of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **August 6, 2026**

Erin Sny Castillo
UNITED STATES MAGISTRATE JUDGE